# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 16, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| JAMIE MILLER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-993V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
Althea W. Davis, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On March 10, 2020, Jamie Miller ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 55). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and awards a total of **$49,194.80**.

I. **Procedural History**

On July 24, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza vaccine on October 6, 2016. Petition at 1 (ECF No. 1). On July 29, 2019, the parties filed a stipulation, which I adopted as my Decision awarding

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

compensation on the same day. (ECF No. 50).

On March 10, 2020, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Ms. Leah Durant, in the total amount of $49,194.80, representing $44,638.60 in attorneys' fees and $4,556.20 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. *Id.* Respondent reacted to the fees motion on March 24, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 56). Petitioner filed a reply on March 25, reiterating her belief that the requested amount of attorneys' fees and costs was reasonable. Reply at 2, ECF No. 78,

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel, Ms. Leah Durant: $350.00 per hour for work performed in 2016, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, and $380.00 per hour for work performed in 2019. These rates are consistent with what Ms. Durant has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein. *See, e.g., Durand v. Sec'y of Health & Human Servs.*, No. 15-1153V, 2020 WL 639372, at *3 (Fed. Cl. Spec. Mstr. Jan. 16, 2020).

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$44,638.60**.

b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $4,556.20. This amount is comprised of acquiring medical records, the Court's filing fee, and expert records review by Dr. Catherine Shaer. Fees App. Ex. 2 at 2. Petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable upon review. Accordingly, Petitioner is awarded the full amount of attorneys' costs sought.

III. **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $44,638.60 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$44,638.60** |
| | |
| Attorneys' Costs Requested | $4,556.20 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,556.20** |
| | |
| **Total Attorneys' Fees and Costs** | **$49,194.80** |

**Accordingly, I award a lump sum in the amount of $49,194.80, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Leah Durant.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>/s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).